**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BLAKE BOJE, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>MERCYHURST UNIVERSITY, a Pennsylvania Non-Profit Corporation.<br><br>     Defendant. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.A. § 1332(d), 28 U.S.C.A. § 1453**<br><br>**Civil Action No.  1:23-cv-46**<br><br>**[DIVERSITY JURISDICTION UNDER CLASS ACTION FAIRNESS ACT]**<br><br>Court of Common Pleas<br>Erie County<br>Case No.: 10041-2023<br><br>Action Filed:     1/10/2023<br>Trial Date:       None Set |

## NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1332(d), and on the grounds set forth below, Defendant, MERCYHURST UNIVERSITY ("Mercyhurst") hereby removes the above-captioned action, styled *BLAKE BOJE, individually and on behalf of all other similarly situated v. MERCYHURST UNIVERSITY,* Case No. 10041-2023, from the Court of Common Pleas of Erie County to the United States District Court for the Western District of Pennsylvania. The factual bases in support of this Notice of Removal are set forth in further detail below.

### I.  FACTUAL BACKGROUND

1.     On January 10, 2023, Plaintiff Blake Boje ("Representative Plaintiff") commenced the above-referenced action in the Court of Common Pleas of Erie County, Law Division (the "Court of Common Pleas") by filing a Class-Action Complaint (the "Complaint") against Defendant, Mercyhurst University ("Mercyhurst"), alleging violations of the Federal Trade Commission Act,

15 U.S.C. 45 ("FTCA"), as well as causes of action for breach of confidence, breach of implied contract, unjust enrichment, publicity given to private life, and negligence. The Complaint, which names only Mercyhurst as a defendant, alleges the foregoing causes of action based on a data security incident that occurred at Mercyhurst University, a Non-Profit Corporation and private university in the Commonwealth of Pennsylvania, "between January 16, 2022 and May 15, 2022". A copy of the Complaint, along with its accompanying exhibits, is attached hereto as **Exhibit 1**.

2.      On January 31, 2023, Plaintiff served the Complaint on Mercyhurst, and executed a Proof of Service. A copy of the Proof of Service is attached hereto as **Exhibit 2**.

3.      Accordingly, the case in its current form is a class action against Mercyhurst University, seeking damages and any other just relief for any damages sustained by the proposed class (the "Removed Action").

4.      Plaintiff alleges to be a former student of Mercyhurst University. He was allegedly enrolled from 2011 to 2015 and graduated from Mercyhurst in May 2015. Upon enrolling, Plaintiff was required to provide his personal identifiable information ("PII") to Mercyhurst. The Complaint alleges that on November 8, 2022, Plaintiff received a Breach Notice, indicating that his PII, including at least his name, financial account number, and Social Security number, may have been compromised in the Data Breach. See Complaint, at ¶ 42-45.

5.      Mercyhurst University is a Pennsylvania Non-Profit Corporation, with a principal place of business at 501 E. 38th Street, Erie, Pennsylvania, 16504. Mercyhurst is a private, Roman Catholic University, and the Complaint alleges that it houses approximately 3,041 students and more than 500 employees. See Complaint, at ¶ 18.

6.      It is alleged that Mercyhurst collects and maintains student and employee PII in its computer systems, and requires its students to disclose certain PII as a condition of enrollment, including their names, Social Security numbers and financial information related to student aid and

tuition payment. <u>See</u> Complaint, at ¶ 26-29.

7.      Following an investigation undertaken by Mercyhurst on September 16, 2022, and upon information and belief, Mercyhurst "determined that an unauthorized actor had the ability to access certain information stored on the network" between the period of "January 16, 2022 and May 15, 2022" (the "Data Breach"). <u>See</u> Complaint, at ¶ 30-33.

8.      Upon information and belief, the Data Breach was perpetrated by a known cybercriminal group "LockBit," who demanded ransom payments from Mercyhurst on or prior to May 22, 2022. *Id*.

9.      Upon information and belief, Mercyhurst paid the demanded ransom payment as consideration for LockBit's agreement not to publish the stolen data. *Id*.

10.     Following the subject Data Breach and subsequent investigation, Mercyhurst notified the Plaintiff on or about November 8, 2022 and other members of the proposed class that their PII may have been compromised in the Data Breach. <u>See</u> Complaint, at ¶ 30, 38.

## II.  VENUE

11.     Venue in this Honorable Court is proper pursuant to 28 U.S.C. § 1446 as the United States District Court for the Western District embraces the Court of Common Pleas of Erie County, Pennsylvania, in which Plaintiff filed his Class-Action Complaint.

## III.  DIVERSITY JURISDICTION UNDER CAFA

12.     The Class Action Fairness Act amended 28 U.S.C. § 1453 such that any defendant may remove a matter to federal court, regardless of whether it is a citizen of the State in which the action is brought, and that the removing defendant does not need the consent of all defendants in order to effectuate removal to federal court. 28 U.S.C. § 1453(b); *Ellis v. Montgomery County*, 267 F.Supp.3d 510, 514 (E.D. Pa. 2017).

13.     Federal district courts have original jurisdiction over "class actions" in which (i) the

matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and (ii) any member of a class of plaintiff is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2).

14.     Section 1332(d)(1)(B) defines "class action" as any civil action filed under Fed. R. Civ. P. Rule 23 or similar state statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action. 28 U.S.C. § 1332(d)(1)(B).

15.     To remove under CAFA, four jurisdictional requirements must be met: (1) there must be 100 or more plaintiffs; (2) whose claims are proposed to be tried jointly on the ground that the claims involve common questions of law or fact; (3) minimum diversity; and (4) the amount in controversy must exceed $5,000,000, as aggregated across all individual claims. 28 U.S.C. § 1446(b)(3); *Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161 (2014) (quoting 28 U.S.C. § 1332(d)(11)(B)(ii))*

16.     As for the timeliness of removal, Section 1446(b)(3) sets forth that, where the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days from when "it may first be ascertained that the case is one which is or has become removable." *Id. See also, Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 148 (3d Cir. 2009).*

### IV.  GROUNDS FOR REMOVAL

17.     Plaintiff's Class-Action Complaint against Mercyhurst satisfies the requirements for removal under the Class Action Fairness Act ("CAFA"), and this Notice of Removal has been timely filed with the United States District Court for the District of Pennsylvania.

18.     First, the Removed Action qualifies as a "class action" as defined by Section 1332(d)(1)(B), as Plaintiff's Complaint has been filed by "Blake Boje, individually and on behalf of all other similarly situated" and specifically states that it is being filed as a class action pursuant to Pennsylvania Rule of Civil Procedure 1702. See Complaint, at ¶ 75-81. In this regard, the Removed Action is a lawsuit pursuant to Pennsylvania law authorizing an action to be brought by one or more persons as representative of a class action.

19.     Further, the parties to the lawsuit meet the minimal diversity requirement set forth in Section 1332(d)(2)(A). Preliminarily, Plaintiff Blake Boje and Defendant, Mercyhurst, are both residents of the Commonwealth of Pennsylvania, 28 U.S.C. § 1332(d)(2)(A). The Class Action Complaint vaguely defines the proposed class as "all individuals residing in the United States whose personal information was compromised … in November 2022", and further defines the proposed class as comprising of "up to thousands of former and current Mercyhurst employees and students". See Complaint, at ¶ 78.

20.     Likewise, the amount in controversy could plausibly exceed the $5,000,000 minimum given both the size of the proposed class, and the statutory damages claimed by Plaintiff in the Complaint.

21.     Accordingly, the $5,000,000 threshold set forth in Section 1332(d)(2) may plausibly be met by the Removed Action on the basis of the proposed class size of 19,534, the potential statutory penalty outlined under the FTCA and the value of the type of PII alleged to have been stolen in this matter. Preliminarily, the Class Action Complaint does not identify specific damages on behalf of the Plaintiff of the Class. However, in support of this requirement, Plaintiff cites to an analysis provided by Experian, which provides an estimation of the value of various forms of PII, such as the types of data allegedly at issue following the Data Breach. Accordingly, given the size of the proposed class, the Complaint plausibly alleges damages in excess of $5,000,000 for removal purposes. See Complaint, at ¶ 54, 78.

22.     Finally, this Notice of Removal is being filed in a timely manner, as the Removed Action first became removable upon the service of the Summons and Complaint of Plaintiff's Complaint to Mercyhurst on January 31, 2023.

23.     As this Notice of Removal is being filed within 30 days after service of the summons and Complaint upon Mercyhurst on January 31, 2023, removal has been effectuated in a timely manner. 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1446(b); and 28 U.S.C. § 1453(b).

**WOOD, SMITH, HENNING & BERMAN LLP**

By: _____

Andrew S. Kessler, Esquire
Attorney I.D. No. 62115
1760 Market Street, Suite 1001
Philadelphia, Pennsylvania 19103
Phone: 215-709-2228
akessler@wshblaw.com
Attorney for Defendant,
MERCYHURST UNIVERSITY,
a Pennsylvania Non-Profit Corporation.

## CERTIFICATE OF SERVICE

I, Andrew S. Kessler, Esquire, attorney for Defendant MERCYHURST UNIVERSITY, a Pennsylvania Non-Profit Corporation, do hereby certify that on 2nd day March, 2023 or as soon thereafter as possible, I did cause a true and correct copy of the foregoing Notice of Removal to be served via email and United States first class mail upon the following counsel of record:

**VIA E-MAIL:**

Patrick Howard, Esq.; ID No. 88572
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
(215) 496-8282
phoward@smbb.com

Matthew R. Wilson*
Michael J. Boyle, Jr.*
MEYER WILSON CO., LPA
305 W. Nationwide Blvd.
Columbus, OH, 43215
(614) 224-6000
mwilson@meyerwilson.com
mboyle@meyerwilson.com

Samuel J. Strauss*
Raina Borrelli*
TURKE & STRAUSS, LLP
613 Williamson Street #201
Madison, WI 53703
(608) 237-1775
sam@turkestrauss.com
raina@turkestrauss.com

*Pro hac vice* motions to be filed

**Attorneys for Plaintiff BLAKE BOJE; and the Proposed Class.**

**VIA FIRST CLASS MAIL**

Prothonotary
Erie County Courthouse
140 West Sixth Street
Room 120
Erie, PA 16501

WOOD, SMITH, HENNING & BERMAN LLP

By: _____

Andrew S. Kessler, Esquire